Harold J. Crawford, J.
Defendants move (1) to dismiss the complaint under rule 106 of the Buies of Civil Practice on the grounds (a) that plaintiff does not have capacity to sue and (b) that each of the causes of action is legally insufficient; (2) to *638 dismiss the complaint under rule 107 on the ground that plaintiff does not have capacity to sue; and (3) to vacate service of the summons and complaint on the ground that plaintiff has not authorized the institution or prosecution of this action. Plaintiff cross-moves (1) for the appointment of a receiver of the corporate defendant, (2) for an order denying defendants the opportunity to answer the complaint on the ground that their motion attacking it is frivolous and (3) that defendants and plaintiff’s former attorney submit to an examination before trial “ as to the issue of damages and all other issues raised by the complaint.”
The complaint contains six causes of action. The first cause of action is directed against all of the individual defendants and alleges, in substance, that they were elected directors of the plaintiff corporation on January 10, 1950; that no other such election was held until April 1, 1960, and that said defendants continued in office until that time; that on or about October 13, 1959, plaintiff “ sold, leased or exchanged its lease to its only business premises ” to defendant Freilich; that said lease was an integral part of and essential to the conduct of the plaintiff’s business; and that “ the said sale, lease or exchange was made without the consent of either the holders of record of all of plaintiff’s outstanding shares entitled to vote thereon given in writing without a meeting or the holders of record of two-thirds of its outstanding shares entitled to vote thereon obtained at a meeting of stockholders called pursuant to section forty-five of the Stock Corporation Law
The second cause of action is asserted against defendant Freilich alone. It incorporates by reference all of the allegations of the first cause of action and adds that Freilich knew the purpose of the transfer and that it was contrary to law.
The third cause of action is asserted against the corporate defendant alone. It incorporates by reference all of the allegations of the first two causes of action, except the incorporating paragraph of the second, and adds that Freilich assigned or otherwise transferred the lease to the corporate defendant.
The fourth cause of action is asserted against all of the individual defendants. It incorporates by reference the allegations of the first cause of action pertaining to the election of directors and their continuance in office and adds that defendant Freilich purchased all of the chattels covered by a chattel mortgage given by plaintiff to secure the payment of three promissory notes which it executed and delivered to Freilich.
The fifth cause of action is asserted against defendant Freilich alone. It incorporates all of the paragraphs of the fourth cause *639 of action and adds that Freilich knew the purpose of the transfer of chattels and that it was contrary to law.
The sixth cause of action is asserted against the corporate defendant alone. It incorporates by reference all of the paragraphs of the fourth and fifth causes of action, except the incorporating paragraph of the fifth, and adds that said defendant received the chattels from. Freilich knowing the purpose of their transfer and that it was contrary to law.
The prayer for relief seeks to compel defendants to account, to pay to plaintiff any sum due and to set aside the transfers of property.
Two affidavits are submitted in support of defendants’ motion: one by defendant Morris Haber and the other by defendants’ attorney. Haber states that the total number of outstanding and issued shares of stock of the plaintiff is 30, of which he owns 15 and one Vivian Smallowitz owns 15. Those shares were purchased from defendant Freilich on or about November 26, 1958, at which time it was agreed between the stockholders that Haber would be the president of the corporation and Vivian Smallowitz its secretary-treasurer. Sometime in April of 1960, a purported meeting of stockholders and directors was held at the then business address of the plaintiff. Haber was in the place of business at the time and is not aware of what transpired at the meeting. He admits, however, that a notice of meeting was sent to him by Vivian Smallowitz as a stockholder sometime prior to April 1,1960.
Defendants’ attorney states that he was present when the stock was transferred from Freilich to Haber and Smallowitz; that all of the directors were present and at a meeting duly held Haber was elected president and Smallowitz was elected secretary-treasurer ; and that since that time there has been no change of directors or officers.
The sole opposing affidavit is made by plaintiff’s attorney and devotes itself almost exclusively to the merits of the causes of action stated in the complaint rather than to the legality of the April, 1960 meeting and the action taken thereat. A complete record of that meeting, however, including the notice of meeting, the minutes of such meeting, the certificate of election of directors, and related papers, is appended to that affidavit.
Defendants’ crucial contentions are (1) that plaintiff lacks capacity to sue in that its board of directors never authorized the commencement of this action; (2) that business of the corporation could not be transacted at the meeting of stockholders purportedly held on or about April 1,1960, since a quorum, i.e., a majority of the stockholders, was not present; and (3) that *640 Vivian Smallowitz, who verified the complaint as president, is not the president of plaintiff corporation. Determination of those questions requires analysis of the pertinent provisions of plaintiff’s certificate of incorporation, by-laws and applicable statutes.
Plaintiff’s certificate of incorporation contains no provision for meetings of stockholders or the election of directors.
Section 2 of article I of plaintiff’s by-laws provides in substance that special meetings of stockholders “ for any purpose other than those regulated by statute ” may be called by resolution of a majority of the board of directors on 10 days’ notice to each stockholder of record; that the board shall also call such a special meeting whenever so requested in writing by at least 50 % of the stockholders; that the president may call a special meeting on 10 days ’ notice; and that no business other than that specified in the call for the special meeting shall be transacted thereat.
Section 2 of article II vests the management of the business of the corporation in a board of three directors; section 3 provides that directors shall continue in office until the next annual meeting and thereafter until a successor is elected, and section 5 provides that special meetings of the board of directors may be called by the president in his discretion at any time and shall be called upon the written request of two directors.
The mode of calling a special meeting for the election of directors is, in the language of section 2 of article I of plaintiff’s by-laws, quoted above, “ regulated by statute ”, to wit: section 22 of the General Corporation Law, which reads as follows:
‘ ‘ If the election has not been held on the day designated, the directors shall call a meeting forthwith for the election of directors, giving notice thereof as provided in respect of the annual meeting.
‘ ‘ If such meeting shall not be so called within one month, or, if there be a failure to elect directors, or if the first annual meeting shall not be called within one year after the filing of the certificate of incorporation in the state office in which it is required to be filed, a member may call a meeting for the election of directors by publishing a notice of the time and place of holding such meeting at least once in each of two successive weeks immediately preceding the election, in a newspaper published in the county where the election is to be held or in such other manner as may be prescribed in the by-laws for the publication of notice of the annual meeting, and by delivering or mailing to each member, at his last known post-office address, a copy of such notice at least two weeks before the meeting.”
*641 The notice of meeting at which Vivian Smallowitz was elected a director and president reads as follows: “ A meeting for the election of directors of M <& E Luncheonette, Inc. is hereby called by the undersigned shareholder thereof on the 1st day of April, 1960, at 2:00 pm at the office of the corporation at 53-21 Edgemere Avenue, Edgemere, New York, or if access thereto can not be had, at the office of Alfred E. Annenberg, Esq., 175-14 Hillside Avenue, Jamaica 32, New York, at 3:00 pm on that day.
Vivian Smallowitz, shareholder ”.
Notice of that meeting was published in the Long Island Daily Press on March 22, 1960, and March 29, 1960. This publication did not comply with the requirement of section 22 of the General Corporation Law that the notice be published 1 ‘ in each of two successive weeks immediately preceding the election”. That section, however, also provides an alternate method of giving notice, that is, “as may be prescribed in the by-laws for the publication of notice of the annual meeting ”. Section 1 of article I of plaintiff’s by-laws provides that notice of an annual meeting shall be given to each stockholder of record ‘ ‘ by serving [a copy of such notice] personally or by mailing not less than ten days and not more than forty days previous to such meeting.” Defendant Morris Haber admits that a notice of meeting was sent to him sometime prior to April 1, 1960, and an affidavit of service annexed to the affidavit of plaintiff’s attorney states that notice of the meeting was mailed to Morris Haber on March 18, 1960. It appears, therefore, that notice of meeting was duly given pursuant to section 1 of article I of plaintiff’s by-laws.
The more difficult question presented is whether a quorum was present at the April, 1960 meeting. While it is true that section 23 of the General Corporation Law provides that at a meeting for the special election of directors “ the members attending shall constitute a quorum ”, section 55 of the Stock Corporation Law provides that “ the certificate of incorporation * * * or the by-laws, may fix the number of shares, not exceeding a majority, necessary to constitute a quorum.” The Court of Appeals has indicated that the latter section is controlling (Matter of Faehndrich, 2 N Y 2d 468, 473-474).
As previously noted, plaintiff’s certificate of incorporation contains no provision for the election of directors. Section 4 of article I of plaintiff’s by-laws, however, fixes at a majority the quorum necessary for the transaction of business “ except when a lesser number shall constitute a quorum as provided by *642 statute for the purpose of special election of directors, or otherwise.” But no lesser number is provided by the controlling statute, i.e., section 55 of the Stock Corporation Law. It follows, therefore, that since the by-laws fix a quorum at a majority and since Vivian Smallowitz did not and does not own a majority of the shares, that the special election of directors at the meeting of April, 1960 and all subsequent action taken by them were a nullity.
Remaining, however, is the question whether Vivian Smallowitz would, as secretary-treasurer of plaintiff, be authorized to institute this action on behalf of the corporation. Apparently, she would not. True, in Rothman & Schneider v. Beckerman (2 N Y 2d 493) the Court of Appeals unanimously sustained the right of a secretary-treasurer to institute an action against outsiders on behalf of his corporation. The factual dissimilarity between that case and this, however, is readily discernible from the following language of Judge Fttld (p. 498): “ While in the normal course the implied authority vested in an actively functioning president will not devolve upon a secretary or treasurer, such officer will be deemed to have authority to act and speak on behalf of the corporation where he has been the one actually managing its business. [Citing cases.] And, by parity of reasoning, where a secretary-treasurer has alone been running the company, alone conducting its affairs generally without intervention or direction from board of directors or president, there is no reason, in law or practice, why he should not be able to institute an action against an outsider, on the corporation’s behalf, to preserve its existence or otherwise protect its interests. Certainly, he is vested with sufficient authority from the corporation to ‘ speak for it ’ (Barkin Constr. Co. v. Goodman, 221 N. Y. 156, 161, supra) to succeed against the third-party’s protestation that he lacks the power to bring the suit.” So far as appears from the papers before the court, Vivian Smallowitz has not even been an active secretary-treasurer much less one who “ has alone been running the company, alone conducting its affairs generally without intervention or direction from board of directors or president ”.
It follows, therefore, that Vivian Smallowitz was not duly elected a director and president of the plaintiff corporation, that she was not authorized by the duly constituted board of directors to institute and prosecute this action and that she did not, as secretary-treasurer of the corporation, have express or implied authority to institute and prosecute this action on its behalf.
Accordingly, branches (2) and (3) of defendants’ motion are granted. Branch (1) of the motion is denied. This branch is *643 made under rule 106 of the Buies of Civil Practice and plaintiff’s incapacity to sue does not appear on the face of the complaint. So much of that branch of the motion as seeks to dismiss each cause of action for patent insufficiency is, of course, rendered academic by the court’s determination of the remainder of defendants’ motion.
In view of the court’s decision on defendants’ motion, the cross motion must, of course, be denied. It would, however, be denied in any event because, as to branch (1), no facts whatever have been adduced in support of the request for the drastic relief of a receiver; as to branch (2), because such relief is, first, unauthorized and, secondly, defendants’ motion was not frivolous; and, as to branch (3), because issue has not been joined in the action.